LAMAR, Justice,
Dissenting:
¶ 19. Because I disagree that the chancellor had the authority to commit A.B. after the parties filed a joint stipulation of dismissal, I respeetfülly dissent.
¶ 20. Mississippi Rule of Civil Procedure 41(a)(l)(ii) governs voluntary dismiss- *741 ais and controls in this case: “[A]n action may be dismissed by the plaintiff without order of court:
.... (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.” (Emphasis added.) The majority is correct that Mississippi Rule of Civil Procedure 81(a)(6) limits the applicability of the Rules of Civil Procedure in proceedings pertaining to the commitment of drug and alcohol addicts. But Rule 81(a) also provides that “statutory procedures specifically provided for each of the above proceedings shall remain in effect and shall control to the extent they may be in conflict with these rules; otherwise these rules apply.” (Emphasis added.) Nothing in the statutes governing the commitment of alcoholics conflicts with Rule 41(a). I would find that the rules apply, and that the action was properly dismissed by the parties.
¶ 21. The comment to Rule 41 supports this finding and states, in pertinent part, that there are:
two methods by which a plaintiff may dismiss an action without obtaining the consent of the court: He may do so at any time by stipulation of all the parties .... A voluntary dismissal by stipulation is effective immediately and does not require judicial approval.
Miss. R. Civ. P. 41 cmt.
¶ 22. Nothing in the statutory scheme governing the commitment of alcoholics prevents parties from voluntarily dismissing suits once they have been brought. In fact, the statutes are completely silent as to dismissals which, according to the plain language of Rule 81, means that Rule 41 applies. Thus, because the chancellor was without authority to proceed once the parties had filed a joint stipulation of dismissal, I would reverse this case and render a judgment in favor of A.B.
¶ 28. I also find merit in A.B.’s second assignment of error that the court erred in committing him without a hearing. Mississippi Code Section 41-31-5 explicitly requires the chancellor to hold a hearing before committing anyone. The relevant text, some of which the majority reads out of the statute, states:
Whenever such a petition be shall be filed the chancellor of said court shall, by order, fix a time upon a day certain for the hearing thereof .... The person alleged to be an alcoholic or drug addict shall be served with a citation to appear at said hearing .... At the time fixed, the chancellor shall hear evidence on said petition, with or without the presence of the alleged alcoholic or drug addict, and all persons interested shall have the right to appear and present evidence touching upon the truth and correctness of the allegations of said petition. The said chancellor, in his discretion, may require that the alleged álcoholie or drug addict be examined .... and may consider the results of such examination in reaching a decision in said matter. If the alleged alcoholic or drug addict shall admit the truth and correctness of the allegations of said petition, or if the chancellor should find from the evidence that such person is an alcoholic or drug addict, and is in need of detention, care and treatment in an institution, and that the other material allegations of said petition are true, then he shall enter an order so finding, and shall order that person be remanded and committed to and confined in the proper state institution or in the case of an alcoholic to an approved public or private treatment facility....
Miss.Code Ann. § 41-31-5 (Rev.2009) (emphasis added).
¶ 24. The organization of this statute is important. The filing of a petition auto *742 matically requires a chancellor to set a hearing. At the hearing, the chancellor shall hear evidence. And if — during the hearing — the alleged alcoholic or drug addict admits the truth and correctness of the petition, or if — after the hearing — the chancellor finds from the evidence the truth of the petition, only then shall the chancellor order and commit an alcoholic or drug addict to an institution or facility.
¶ 25. The statutory language clearly contemplates a hearing. And in this case, such a hearing did not take place.
DICKINSON, P.J., JOINS THIS OPINION.